IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR00716 |
| Plaintiff, | ) ) | JUDGE PAMELA A. BARKER |
| v. | ) ) ) | |
| JOHN TYLER PLA, et al. | ) ) | UNITED STATES' SENTENCING MEMORANDUM |
| Defendants. | ) | |

Now comes the United States, by and through its attorneys, Bridget Brennan, Acting United States Attorney, and Brian McDonough, Assistant United States Attorney, and hereby submits this memorandum to aid the Court in its sentencing of defendants John Tyler Pla and Johnny Lee Palmer, who used the Grandparent Scam[1] to defraud over 28 elderly victims from Ohio, Iowa, and Wisconsin of over $383,000 over 5 weeks.  The United States requests that the Court impose a Guideline sentence of 33-41 months because a sentence of that length would reflect the seriousness of their offenses, their level of involvement, and deter future criminal conduct by them and others.

I.      **BACKGROUND**

On November 4, 2020, a grand jury returned a nine-count indictment in the Northern District of Ohio against Pla and Palmer, including one count of Conspiracy to Commit Wire

---

[1] When it comes to scammers, nothing is sacred—including the bond between grandparent and grandchild.  In the Grandparent Scam, scammers call an elderly victim purporting to be a grandchild or other relative who has been arrested and needs money immediately for bail. The caller arranges for a purported courier to pick up the money from the victim in person.  The purported courier keeps a portion of the money and forwards the rest to others in the conspiracy.

1

Fraud, in violation of 18 U.S.C. § 1349; and eight counts of Wire Fraud, in violation of 18 U.S.C. § 1343. Final PSR at ¶ 1, Doc. No. 46. On March 29, 2021, Pla and Palmer entered a guilty plea to all counts under a written plea agreement. Pla and Palmer Plea Agreements, Doc. No. 40 and 41.

The facts giving rise to Pla and Palmer's offenses are detailed in the Presentence Investigation Report ("PSR") ¶ ¶ 5-21, Doc. No. 46.

Pla and Palmer traveled from Tampa, Florida to various states, including Ohio, Iowa, and Wisconsin to execute the Grandparent Scam. The Grandparent Scam involved several other unknown co-conspirators, who would identify and call the elderly victims and advise the victims that the victim's grandchild (or other relative) had been arrested and needed money for bail. The caller would arrange for a courier to pick up the money in person for the purported bail. Pla and Palmer's role in this scam was to pick up the funds from the victims and deliver the money to other participants in the scheme. Pla and Palmer rented U-Haul trucks and vehicles to travel to the victims' homes to pick up the funds as purported couriers and then deliver the money to others, keeping a portion for themselves. The initial loss totaled $383,932.

Pla and Palmer's victims listed in the indictment resided in Brecksville, Fairview Park, Gates Mills, Lorain, Mansfield, Mentor, Parma, and Westlake. Additional victims resided in the following Andover, Avon, Chardon Township, Hilliard, North Olmsted, Macedonia, Painesville, Russell Township, and Wickliffe, Ohio, as well as cities in Iowa and Wisconsin.

The Westlake Police Department received a complaint of the scam on August 26, 2020, when an 83-year-old victim living in Westlake, Ohio, told officers that she had fallen victim to a scam the day before and had given the scammers $6,000. The victim's neighbor caught an image of the scammers' U-Haul truck, and other city-owned cameras were able to put the same U-Haul

truck in the vicinity of the victim's house. Surrounding law enforcement agencies were advised of the scam, and on August 29, 2020, the U-Haul truck was located in a parking lot. A black Malibu with Illinois license plates was parked next to the U-Haul truck, and Palmer was walking around and talking on his cell phone in the parking lot. Palmer leaned into the Malibu for a short time, and Pla was observed in the vehicle. When police officers approached Pla and Palmer, officers observed that Palmer had an empty gun holster on his person. Palmer consented to a search of the vehicle, and officers located a loaded, stolen handgun in the center armrest and a small amount of marijuana. The police arrested Pla and Palmer for possessing a stolen firearm. Pla and Palmer had been staying at a hotel room in Cleveland. They checked in on August 26, 2020, and they had checked out earlier in the day on August 29, 2020. The hotel room had not yet been cleaned, and officers searched the room. Officers located airline tickets for Pla which showed a flight on July 27, 2020, from Miami, Florida, to Dallas, Texas, to Des Moines, Iowa, and another ticket was found for Pla for August 9, 2020, from Dubuque, Iowa, to Chicago, Illinois, to Denver, Colorado. Officers located an airline ticket for Palmer for August 9, 2020, from Chicago to Denver and also a money transfer from Pla to another individual.

      The police obtained and executed search warrants for Pla and Palmer's phones, which showed that they had received information about the victims via cell phone, including the victims' names and addresses, confirmation numbers, and fictitious names to use to pick up the money, posing as a courier. They were advised to keep a mask on when dealing with the victims. Pla and Palmer's cell phones accessed the Internet and identified the home addresses of the victims. Pla and Palmer rented U-Haul trucks and other vehicles in Michigan, Iowa, Colorado, and Ohio, as they traveled around executing the scam.

## II. APPLICABLE LEGAL STANDARDS

To determine the appropriate sentence for a defendant, a court must consider the applicable guidelines range under 18 U.S.C § 3553(a). *United States v. Thompson*, 515 F.3d 556, 560 (6th Cir. 2008). Though the guidelines are advisory now, they are still a "starting point and initial benchmark." *Gall v. United States*, 552 U.S. 38, 39 (2007). A court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" outlined in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a).

The sentencing factors themselves, like determining the amount of the loss, need to be proved only by a preponderance of the evidence by the government. *United States v. Poulsen*, 655 F.3d 492, 513 (6th Cir. 2011). That burden is only "triggered when the defendant 'produce[s] some evidence that calls the reliability or correctness of the alleged facts into question.'" *Id.* (quoting *United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003).

## III. SENTENCING GUIDELINES COMPUTATION

The PSR grouped together Counts 1 through 9 because the calculations are done in part based on the total amount of harm. PSR ¶ 30, Doc. No. 46. The base level offense for Wire Fraud was 7. *Id.*, ¶ 31. Through offense specific characteristics, 16 levels were added. Because the loss was over $250,000, a 12-level increase applied. *Id.*, ¶ 19. A two-level increase applied because Pla and Palmer relocated or participated in relocating the fraudulent scheme to another jurisdiction to evade law enforcement. *Id.*, ¶ 33. Two more levels were added because Pla and Palmer knew or should have a victim of the offense was vulnerable for having dementia. *Id.*, ¶ 34. The adjusted level was 23, but Pla and Palmer received a two-level decrease for accepting responsibility for the crime. *Id.*, ¶¶ 37, 39. An additional one-level decrease applied because of their assistance to authorities in the investigation and prosecution of the crime by timely

notifying these authorities of her intent to plead guilty. *Id.*, ¶ 40. The total offense level was 20. *Id.*, ¶ 41.

Pla and Palmer are a Criminal History of Category I. *Id.*, ¶ 45. Based on the total offense level, the applicable Guideline imprisonment range for their crimes is a term of imprisonment of 33-41 months. *Id.*, ¶ 65.

## IV. APPLICATION OF SECTION 3553(A) FACTORS

Pla and Palmer took advantage of elderly victims by capitalizing on the victims' love and concern for the victims' relatives. Inducing fear and panic in the victims with purported car accidents, arrests, and court dates, Pla and Palmer exploited the elderly repeatedly. Their crime spree spanned approximately 5 weeks and resulted in hundreds of thousands of dollars for the conspiracy.

A sentence at the top of the guidelines ranges reflects the seriousness of their offenses and will likely deter them from defrauding the elderly again. Additionally, white collar crimes are more calculated and rational, making the sentences a strong tool to create general deterrence from committing similar crimes. *United States v. Musgrave*, 761 F.3d 602, 609 (2014). A sentence of 33-41 months for all counts would demonstrate to others that the costs of taking advantage of the disabled and elderly are far higher than any financial gains.

## V. RESTITUTION

The government will provide the Court with a restitution amount and a list of all victims. The government will request that this Court order Pla and Palmer that the restitution is due and payable immediately.

## VI. CONCLUSION

For the reasons outlined above, the United States requests the Court to impose a Guideline sentence of 33-41 months of prison for Pla and Palmer.

Respectfully submitted,

BRIDGET M. BRENNAN
Acting United States Attorney

By: /s/ Brian McDonough
Brian McDonough (OH: 0072954)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3965
(216) 522-2403 (facsimile)
Brian.McDonough@usdoj.gov